## NATIONAL LABOR RELATIONS BOARD v. NATIONAL NEW YORK PACKING & SHIPPING CO., Inc.

### No. 140.

Circuit Court of Appeals, Second Circuit.

Nov. 2, 1936.

Charles Fahy, Gen. Counsel, Robert B. Watts, Associate Gen. Counsel, David A. Moscovitz, Mary L. Schleifer, A. Norman Somers, Gerhard P. Van Arkle, and Philip Levy, all of Washington, D. C., for petitioner.

Samuel J. Rosensohn, of New York City, for respondent.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

An order issued by the petitioner pursuant to section 10, National Labor Relations Act (49 Stat. 449, 29 U.S.C. § 160 [29 U.S.C.A. § 160]) directed the respondent, after complaint and hearing, to reinstate five employees, in its place of business in New York with back pay. They were discharged because, as found by the Board, they had joined and assisted a labor organization. The order of reinstatement was based upon a finding that the respondent is engaged in unfair labor practices affecting commerce, as defined in section

8, subsecs. (1) and (3) of the act, 29 U.S. C.A. § 158 (1, 3), and section 2, subsecs. (6) and (7) of the act, 29 U.S.C.A. § 152 (6, 7).

The Board found that the respondent is engaged in interstate commerce and commerce with foreign countries. It made findings that the respondent had discriminated in regard to the hire and tenure of the employment of five employees, thereby discouraging membership in a labor union; that by interfering with, restraining, and coercing its employees in the exercise of their rights guaranteed by section 7 of the act·(29 U.S.C.A. § 157) it had engaged in unfair labor practices within the meaning of section 8, subsec. 1 (29 U.S.C.A. § 158 (1); further, that such unfair labor practices "occurred in commerce and tend to lead to labor disputes burdening and obstructing commerce and the free flow of commerce." The findings of the Board, having evidence to support them, are conclusive upon this court. Section 10 (e) of the act (29 U.S.C.A. § 160 (e); National Labor Relations Board v. Associated Press, 85 F.(2d) 56 (C.C.A.2).

Respondent's business consists of the consolidating and arranging for transportation of packages, which are already on an interstate journey pursuant to a contract of sale between buyer and seller. The purpose is to obtain bulk rates for transportation. Ninety percent of the shipments are to buyers in other states. The only change which occurs in the transitory stop, that of uniting into single and larger packages, is intended to facilitate and render more economical the shipment of merchandise. Respondent, acting as agent for out-of-state buyers, is engaged in interstate transactions which fall within the sphere of federal power. Texas Transp. & Terminal Co. v. New Orleans, 264 U.S. 150, 44 S.Ct. 242, 68 L.Ed. 611, 34 A.L.R. 907; McCall v. California, 136 U.S. 104, 10 S.Ct. 881, 34 L.Ed. 391.

Undoubtedly, the mere fact that goods are intended to be transported interstate does not bring their production or manufacture under the Commerce Clause (Const. art. 1, § 8, cl. 3). Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160. Nor does an interstate journey justify federal regulation of local activity which follows the termination of that journey. Schechter Poultry Corporation v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed.

1570, 97 A.L.R. 947. But there is a region of intrastate activity, tied up with interstate transportation and communication, in which federal power may properly operate and from which state regulation may be barred. Dahnke-Walker Co. v. Bondurant, 257 U.S. 282, 42 S.Ct. 106, 66 L.Ed. 239; Lemke v. Farmers' Grain Co., 258 U.S. 50, 42 S.Ct. 244, 66 L.Ed. 458; International Text-Book Co. v. Pigg, 217 U.S. 91, 30 S. Ct. 481, 54 L.Ed. 678, 27 L.R.A.(N.S.) 493, 18 Ann.Cas. 1103.

Moreover, there is a continuity of transit from seller to buyer in which the respondent participates. The transitory stop does not break the interstate journey. Carson Petroleum Co. v. Vial, 279 U.S. 95, 49 S.Ct. 292, 73 L.Ed. 626. "It was merely halted as a convenient step in the process of getting it to its final destination." Binderup v. Pathé Exchange, 263 U.S. 291, 309, 44 S.Ct. 96, 99, 68 L.Ed. 308.

The motion for enforcement is granted.